IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CR-10-BO
NO. 4:14-CV-238-BO

| | | |
|---|---|---|
| BRIAN GARLAND LANCASTER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner's motion pursuant to 28 U.S.C. § 2255. The government has moved to dismiss the petition, and the matter is ripe for ruling. For the reasons discussed below, the government's motion to dismiss is granted and the § 2255 petition is dismissed.

## BACKGROUND

After pleading guilty pursuant to a plea agreement to armed bank robbery and bank robbery charges, petitioner, Brian Lancastser, was sentenced on December 19, 2013, to a term of eighty-four months' imprisonment. Petitioner did not file a direct appeal. Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on December 29, 2014, alleging that the sentence imposed exceeded the factually supported Guidelines range and that petitioner received the ineffective assistance of counsel in violation of the Sixth Amendment when counsel failed to object to a Guidelines enhancement for physical restraint, to investigate subpoena, and present testimonial evidence from petitioner's family and friends, and for failing to file a sentencing memorandum or a motion for downward departure. The government has moved to dismiss

petitioner's § 2255 motion for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Petitioner has moved to strike the government's motion to dismiss.

## DISCUSSION

A Rule 12(b)(6) motion must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also* Rule 12, Rules Governing Section 2255 Proceedings (Rules of Civil Procedure apply to section 2255 proceedings).

Petitioner's first claim for relief, that the sentence imposed exceeded the factually supported Guidelines range, is procedurally barred as petitioner could have raised it on direct appeal but failed to do so. *Bousley v. United States*, 523 U.S. 614, 621 (1998). In order to overcome procedural default, a petitioner must show either cause and actual prejudice or that he is actually innocent. *Id.* at 622; *see also United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). In order to show cause for failing to raise issues on direct appeal, a petitioner must show that something that "cannot be fairly attributed to him," such as a showing that a factual or legal basis was not reasonably available or some impediment by the government existed, prevented him from raising the issue. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Petitioner has not demonstrated cause or that he is actually innocent. He cannot, therefore, overcome the procedural bar. Moreover, petitioner's plea agreement contains a valid appeal waiver wherein petitioner waived his right to appeal any issues related to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the Guideline range. [DE 31 ¶ 2(c)].

Petitioner's remaining claims relate to the alleged ineffective assistance of counsel. In order to demonstrate that the assistance of counsel was ineffective, a petitioner must show (1)

2

deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689-90).

Petitioner first contends that his trial counsel was ineffective for failing to challenge a two-level enhancement for physically restraining a victim to facilitate the commission of an offense or escape. U.S.S.G. § 2B3.1(b)(4)(B). The factual recitation in the presentence report noted that during the commission of a bank robbery petitioner ordered tellers at gunpoint to get on the floor. [DE 33 ¶ 4]. Ordering tellers to the floor at gunpoint has been held to be a physical restraint for purposes of U.S.S.G. § 2B3.1(b)(4)(B), and thus any objection to the inclusion of a two-level enhancement would have been overruled. *See United States v. Dimache*, 665 F.3d 603, 608 (4th Cir. 2011); *United States v. McNeil*, 539 F. App'x 190, 192 (4th Cir. 2013). Petitioner cannot therefore show prejudice and this claim for ineffective assistance of counsel thus fails.

Petitioner next contends that counsel was ineffective for failing to investigate, subpoena, and present testimonial evidence from petitioner's family and friends at sentencing. Specifically, petitioner contends that counsel should have presented evidence of petitioner's nightmarish childhood at sentencing. In considering whether counsel's performance was deficient, a court

3

"must not permit hindsight to distort [its] assessment of counsel's performance, and [it] must appreciate that counsel may choose a trial strategy from within a wide range of acceptable strategies." *Clagett v. Angelone*, 209 F.3d 370, 380 (4th Cir. 2000). Further, counsel's "errors must have been so serious that he was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (internal quotation and citation omitted).

The Court does not find that counsel's decision not to subpoena witnesses to testify or present mitigating evidence falls below an objective standard of reasonableness. Counsel presented letters from petitioner's mother and ex-wife to the Court, and the presentence report provided information about petitioner's childhood. [DE 33 ¶ 20]. Though petitioner has provided additional detail regarding his upbringing, he has not demonstrate that the result of the proceeding would have been different had counsel presented further mitigating evidence. This claim also fails.

Finally, petitioner contends that counsel was ineffective for failing to file a sentencing memorandum or motion for downward departure. The transcript of the sentencing hearing, however, demonstrates that counsel repeatedly requested a below-Guidelines sentence in the form of a downward variance. [DE 40]. Moreover, the bases which petitioner contends would support a motion for downward departure, including his lack of criminal history and the fact that these crimes were aberrant behavior, were raised by counsel at the sentencing hearing. *Id.* Petitioner cannot show any resulting prejudice from the method by which counsel elected to request a sentence below the Guidelines range, and this final claim fails.

4

Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 47] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 41] is DISMISSED. Petitioner's motion to strike [DE 50] is DENIED, and a certificate of appealability is also DENIED.

SO ORDERED, this 13 day of April, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5

Case 4:13-cr-00010-BO   Document 51   Filed 04/16/15   Page 5 of 5